IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| K&M Merchandising, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:09-cv-1943-TLW-TER |
| | ) | |
| American Western Home Insurance Company, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

This matter is now before the Court for consideration of the defendant's motion to dismiss the plaintiff's third cause of action for violation of the South Carolina Unfair Trade Practices Act. (Doc. #5). The defendant filed the motion on July 21, 2009. To date, the plaintiff has not filed a response in opposition to the motion to dismiss the third cause of action. The Court has carefully considered the pleadings, motions, and memoranda, and this matter is now ready for disposition.

**Standard for Motions to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions, and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The defendant seeks dismissal of plaintiff's third cause of action for violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-20 (2002) ("SCUTPA"). The SCUTPA creates a private right of action for "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20." S.C. Code § 39-5-140(a). See Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc., 351 S.E.2d 347, 348 (Ct. App. 1986). However, SC Code § 39-5-40(c) specifically exempts certain unfair trade practices from coverage under the SCUTPA. Among these practices are those related to insurance. As noted, "all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 *et seq*., and are exempt from the coverage of SCUTPA. Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F.Supp. 128, 130-31 (D.S.C. 1994). See also Colonial Life & Accident Insurance Co., v. American Family Life Assurance Co. of

Columbus, 846 F.Supp. 454, 462-63 (D.S.C. 1994).

It is undisputed that the plaintiff's claim under the SCUTPA relates solely to a dispute over insurance coverage. Such a claim is not supported by the terms of the Act itself nor by the relevant cases interpreting the Act. For these reasons, the defendant's motion to dismiss the plaintiff's third cause of action is **GRANTED**, (Doc. #5), and the plaintiff's third cause of action for "Violation of Unfair Trade Practices Act" is **DISMISSED**.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

February 16, 2010
Florence, South Carolina